White *v.* Dwyer.

---

ROLLIN G. WHITE, guardian,

*v.*

PATRICK J. DWYER and others.

An attorney, with the consent and instructions of a mortgagor, deducted money from the amount of the mortgage, as compensation for examining the title, drawing the papers and obtaining the loan, no part thereof being received by the mortgagee.—*Held*, not to constitute usury.

---

Bill to foreclose. On final hearing on pleadings and proofs.

*Mr. P. H. Gilhooly*, for complainant.

*Mr. W. R. Wilson*, for Dwyer and wife.

The Chancellor.

The answer sets up the defence of usury. It states that the agreement for the loan was made by Dwyer, the mortgagor, with Smith W. Whitehead, the mortgagee, and that the latter took, pursuant to an agreement between them, a premium of ten per cent. over and above the lawful interest. The proof is that Whitehead did not make the loan, but that it was made by the complainant, through his attorney, with whom Dwyer negotiated for it, and the mortgage was made to Whitehead merely at the suggestion of the attorney, and without the knowledge of the complainant. The attorney testifies that Dwyer knew that the money lent was the money of the complainant, although the mortgage was made to Whitehead, and Dwyer says that he had nothing to do with Whitehead in the matter, and that the attorney told him that the money did not belong to him (the attorney). He says, too, that the attorney told him either that he could give him the money or get it for him (he cannot say which was the expression), and he also says that when he agreed to give the attorney ten per cent., he told the latter that he intended that it should cover all the expenses, the drawing of the papers, &c. It is evident that the attorney received from Dwyer, with the full consent of the latter, a sum equal to about ten per cent. of the loan, as compensation for drawing the papers and examining the title to the property, as well as for obtaining the loan. The complainant neither received the percentage so paid, nor any part of it, nor did he know that it had been paid.

There is some proof in regard to certain shares of horse-railroad stock, which were purchased or obtained by Dwyer from the attorney at the time of the loan, and in connection therewith. The answer is silent on that subject. The stock did not belong to the complainant nor to the attorney, but to some other client of the latter. The complainant knew nothing of that transaction. It does not appear, whatever the transaction was, that the stock was taken at a higher

price than its market value. Nor does it appear to have been a cover for usury in any way.

There will be a decree for the complainant for principal, interest and costs.